■ MONTICELLO LUMBER AND MANUFACTURING Co., INC., Appellant, v. WILLIAM E. SORRELL, Respondent.— Appeal from an order of a Special Term, Supreme Court, Ulster County. This is an action to recover $3,686.67 had and received. The complaint pleads the money was paid under mistake by plaintiff, and induced by false statements by defendant. Plaintiff borrowed $25,000 from defendant and gave a note for $27,000. The difference was based on interest calculated at the rate of 24% per annum to the due date of the note but the note itself did not provide for interest. The note was not paid when due. Upon default of such a note, in the absence of special agreement, interest would accrue at 6%. The complaint alleges that defendant demanded and plaintiff paid interest at the rate of 24% per annum after default. The answer does not allege a special agreement to pay 24% interest on the defaulted note; but the papers on defendant's motion for summary judgment sufficiently show that such an agreement was made by plaintiff after default and, indeed, such an agreement is not denied. But if the agreement was induced by a misstatement of fact by defendant as to the provisions of the note in defendant's possession upon which plaintiff relied, the court could permit plaintiff to disavow it and recover the interest paid in excess of 6%. This seems to us to be the crux of the controversy presented and shows on its face a triable issue. Plaintiff's affidavit states that while the note was in defendant's possession he plainly represented to plaintiff that the note expressly provided for interest at 24%, a representation upon which plaintiff relied. This may not have been the true fact; no such misrepresentation may have misled plaintiff. Defendant's affidavit denies such misrepresentation and characterizes plaintiff's statement as " false and untrue ". Defendant's affidavit shows the loan was extended on an express understanding by plaintiff stated in a letter by plaintiff's lawyer, that he would pay 24% interest on the extended loan, which plaintiff paid. If defendant's contention is right he should prevail on the trial; but the papers before us show a triable issue. Order granting summary judgment reversed and motion denied, with $10 costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.